## Shindor's Appeal

*Clarke M. Seltzer*, for appellant.

*Fred W. Davis*, Special Deputy Attorney General, for appellee.

HENRY, P. J., January 12, 1934.—Alexander Shindor has appealed to this court from the decision of the Pennsylvania Liquor Control Board in refusing his application for a hotel liquor license. The only reason appearing for the refusal of the application by the State Liquor Control Board is the statement of counsel for the appellant as well as for the board to the effect that the application was refused for the reason that the applicant had recently been convicted of a violation of the liquor laws and that the practice of the State board is to refuse applications where there have been such recent violations. The application to the State board sets forth that the applicant was arrested on December 6, 1932, for the possession and sale of beer, and that on May 3, 1933, he pleaded guilty in the United States District Court for the Middle District of Pennsylvania and was sentenced to pay a fine of $25. There was some testimony at the hearing to the effect that in addition to this fine he was placed upon probation for 6 months. His application further set forth that in an equity proceeding in said court the defendant was on May 3, 1933, restrained from selling liquor but that the hotel was not padlocked. The decree of the court, offered in evidence at the hearing, finds the premises occupied by the applicant to be a common nuisance, directs the abatement of the nuisance, and enjoins the defendant and his servants and employes from continuing to maintain such nuisance and from selling and keeping intoxicating liquor upon said premises. In addition, the defendant was required to furnish a bond with surety to be approved by the court in the penal sum of $1,000, providing that no intoxicating liquor should be

manufactured, sold, or disposed of upon the premises during the period of a year from May 3, 1933.

The laws providing for the original granting of liquor licenses by the courts of Pennsylvania have been repealed. The Act of November 29, 1933, known as the Pennsylvania Liquor Control Act, established a liquor control board in which the granting of licenses for the sale of liquor is vested. This board is given power to make rules and regulations not inconsistent with the act, and from its decision there is a final appeal to the court of quarter sessions. We take it that this legislation does not set up the courts as an independent licensing authority and that the sole purpose of the appeal provided for by the act is to prevent an arbitrary or unreasonable exercise of power or an abuse of discretion upon the part of the Liquor Control Board. If the board has established a rule or regulation that recent violators of our liquor laws shall not be entitled to a license to sell liquor at this time, we cannot say that the rule or regulation is unreasonable. The man who has taken the opportunity to make easy money by a violation of the liquor laws in the past is very liable to commit a similar violation in the future, especially in view of the fact that the temptation will be great to sell liquor on which governmental taxes have not been paid.

The applicant was not only possessed of illegal liquor but was selling it, and there must have been some notoriety in connection with his selling which attracted the Federal officers to his place in Jonestown. A number of neighbors and business men in the Borough of Jonestown were called to testify to his good character, but none of these witnesses had any knowledge prior to his arrest, according to their testimony, of his being engaged in the unlawful sale of beer.

Our conclusion is that not only is the regulation of the State board reasonable but that the application of the rule in this case was proper.

And now, January 12, 1934, the decision of the Pennsylvania Liquor Control Board is affirmed and the appeal in this case is dismissed.

From Earl A. Brubaker, Lebanon, Pa.